# IN THE UNITED STATES BANKRUPTCY COURT
## Middle District of Alabama

| | |
|---|---|
| **In the Matter of**: | |
| | Case No. 09-33047 |
| James L. Braxton | |
| | Chapter 13 |
| **Debtor(s)** | AP No._____ |
| James L. Braxton | |
| | Chapter 13 |
| **Plaintiff(s)** | |
| CENLAR FSB | |
| **Defendant** | |

## COMPLAINT TO VALUE COLLATERAL

The Plaintiffs, above-named, respectfully allege as follows:

1. That this matter is a core proceeding pursuant to 28 U.S.C. Section 157, and that the court has jurisdiction pursuant to 28 U.S.A. Sections 151, 157 and 1334.

2. This Complaint was filed, pursuant to 11 U.S.C. 506, and in accordance with Bankruptcy Rule 7001, to value their residence for the purpose of determining the secured status of the mortgage claim held by CENLAR FSB.[1]

3. The Plaintiffs filed this bankruptcy case on November 4, 2009 seeking protection under Chapter 13 of Title 11 of the United States Code.

4. The Defendant CENLAR FSB is a corporation and/or a partnership with an office and principal place of business located in New Jersey.

5. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. Section 157 and 1334 and 11 U.S.C. Section 547.

6. The Plaintiffs own real property located at 6240 Co Rd 9, Shorter, AL.

---

[1] The Debtor's schedules listed the 2nd mortgage debt as New South Federal Savings Bank, however the claim was filed by Cenlar FSB and attached the New South mortgage and note, however, to this date, no proof of assignment has been filed.

7. WELLS FARGO BANK NA holds a first Deed of Trust on such property with an payoff balance, as of the date this case was filed in the amount of approximately $89,000.00.[2]

8. CENLAR FSB hold a second Deed of Trust on such property with a payoff balance, as of the date this case was filed in the amount of approximately $24,822.06

9. The fair market value of the said property is not greater than $$84,000 pursuant to a certified appraisal obtained on June 1, 2010.

10. Pursuant to 11 U.S.C. 506 of the Bankruptcy Code and In re: Kidd, 161 B.R. 769 (Bankr. E.D.N.C. 1993), the loan with CENLAR FSB, secured by a second Deed of Trust against the Plaintiffs' said property, is an unsecured claim. In turn, pursuant to 11 U.S.C. 506(d), the lien securing said loan is void.

**WHEREFORE**, the Plaintiffs pray the Court find that said claim held by CENLAR FSB, which is secured by a second Deed of Trust upon said property, to be wholly unsecured, and that said claim should therefore be classified an unsecured claim for the purpose of this Chapter 13 case. The Plaintiffs further pray that the Court order CENLAR FSB to cancel the said Deed of Trust forthwith upon the completion of the Plaintiffs' Chapter 13 plan and the granting of the Plaintiffs' discharge, and that the Court grant such other and further relief as to the Court seems just and proper.

Respectfully submitted this day: July 12, 2010

/s/ Vonda S. McLeod
ASB-5507-D65-V
*Attorney for Debtor*:
Vonda S. McLeod ASB-5507-D65-V
Shinbaum, McLeod & Campbell, P.C.
566 South Perry Street
Post Office Box 201
Montgomery, AL 36101-0201
334-269-4440

---

[2] No claim has been filed by Wells Fargo yet.